UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASIH MUHAMMAD,

    Plaintiff,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

    Defendant.
_____/

Case No. 1:08-CV-1100

HON. GORDON J. QUIST

## OPINION

Plaintiff, Masih Muhammad ("Muhammad"), has filed a complaint against Defendant, the Department of Health and Human Services ("HHS"). Muhammad's brief complaint alleges as follows: "I received state disability in 4/07 for that year. Linda Schwarb was to [sic] RACIST toward patient by not acknowledgeing [sic] previous status of active SD benefits and refuse call patient by my legal name." Muhammad requests no specific relief.

On November 25, 2008, the magistrate judge issued an order granting Muhammad leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Muhammad's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Muhammad's complaint must be dismissed as required by § 1915(e)(2).

First, Muhammad's claim fails because the Court lacks jurisdiction over HHS. It is well established that the United States is protected from suit by sovereign immunity absent a waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The requisite waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)). Immunity "extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). Because HHS is an agency of the United States, it is immune from suit absent an express waiver. *See Harvey v. Ridge*, No. 04-1221 (SRC), 2007 WL 674710, at *5 (D.N.J. Feb. 28, 2007). Mohammad, as the party asserting jurisdiction, bears the burden of establishing a waiver of sovereign immunity. *Whittle*, 7 F.3d at 1262 (citing *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)).

Muhammad has failed to meet his burden of establishing that HHS has waived its immunity for the type of claim Muhammad asserts. Because he fails to identify *any* waiver at all, the Court lacks jurisdiction because HHS is immune from suit.

Second, Muhammad's complaint is subject to dismissal because it fails to state a claim. An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

As noted above, Muhammad alleges that Linda Schwarb, apparently an agent or employee of HHS, was racist because she failed to acknowledge his previous status of benefits and she refused to call him by his legal name. To the extent Muhammad seeks to allege an equal protection claim, his claim fails because he does not allege any facts indicating that Linda Schwarb discriminated against him on the basis of his membership in a protected class. *See Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996). Moreover, Muhammad's claim appears to be based upon the denial of disability benefits. If that is the case, the claim arises under the Social Security Act, and he must first exhaust his available administrative remedies before seeking judicial review. *See Dorrah v. Dep't of Treasury*, No. 98-5188, 1999 WL 107961, at *2 (6th Cir. Feb. 10, 1999) ("Nothing in the record indicates that Tidwell has attempted to exhaust available administrative remedies, *see* 20 C.F.R. §§ 404.900-404.999d, and there is clearly no final decision from the Social Security Commissioner for this court to review."). Therefore, Muhammad's claim is subject to dismissal on this ground as well.

Accordingly, the Court will dismiss Muhammad's complaint.

An Order Consistent with this Opinion will be entered.


Dated: December 5, 2008                     /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE